**DECHERT LLP**
William P. Donovan, Jr. (SBN 155881)
bill.donovan@dechert.com
Allison K. Ozurovich (SBN 312797)
allie.ozurovich@dechert.com
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

Mara Cusker Gonzalez (*pro hac vice* forthcoming)
maracusker.gonzalez@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Attorneys for Defendant Alcon Laboratories, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SARAH SOM-DOTSON, individually, and on behalf of others similarly situated,

Plaintiff,

v.

ALCON LABORATORIES, INC.

Defendant.

Case No. 2:26-cv-4898

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

**DEMAND FOR JURY TRIAL**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453(b), defendant Alcon Laboratories, Inc. ("Alcon") hereby removes the above-captioned civil action from the Superior Court of the State of California, County of Los Angeles (the "Superior Court"), where the action is currently pending, to the United States District Court for the Central District of California, Western Division. For the reasons set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, Alcon states:

## BACKGROUND

1. On April 1, 2026, Plaintiff Sarah Som-Dotson filed a putative class action complaint in the Superior Court entitled *Sarah Som-Dotson, individually, and on behalf of others similarly situated v. Alcon Laboratories, Inc.*, Case No. 26STCV10487 (the "Complaint" or "Compl."). A true and correct copy served upon Alcon is attached hereto as **Exhibit 1**. Plaintiff served the Complaint on Alcon on April 9, 2026. *See* **Exhibit 2** at 26-27, Proof of Service of Summons.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Alcon in the state court are attached hereto as **Exhibits 1-2.**

3. Plaintiff alleges that she is an individual domiciled in California. **Exhibit 1**, Compl. ¶ 5.

4. Plaintiff "brings this action on behalf of herself and all others similarly situated" who are "[a]ll persons within the United States who purchased the Products within four years prior to the filing of the original Complaint through to the date of class certification," as well as a proposed sub-class of "[a]ll persons within California who purchased the Products within four years prior to the filing of the original Complaint through to the date of class certification." *Id.* ¶¶ 27-28. She claims that Alcon advertised and labeled its Systane-branded eye drop products (the "Products")

as "'preservative-free' when they contained boric acid." *Id.* ¶ 9. Based on this allegation, she claims that Alcon violated California's False Advertising Law (Cal. Business & Professions Code §§ 17500 et seq.) and Unfair Competition Law (Cal. Business & Professions Code §§ 17200 et seq.).

5. By filing this Notice of Removal, Alcon does not admit that Plaintiff's allegations have any merit and expressly reserves the right to assert any defense or argument, or avail itself of any substantive or procedural right, including but not limited to motions pursuant to Federal Rule of Civil Procedure 12.

**VENUE**

6. "A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending[.]" 28 U.S.C. § 1446(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a), and 1446(a), because the Superior Court of the State of California, County of Los Angeles, where the Complaint was filed, is a state court within the United States District Court for the Central District of California, Western Division.

**BASES FOR REMOVAL**

**I. DIVERSITY OF CITIZENSHIP**

8. A district court has "original jurisdiction of all civil actions" where, as here, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and is between "citizens of different States." 28 U.S.C. § 1332(a).

**A. There Is Complete Diversity.**

9. Plaintiff alleges that she "is an individual who was at all relevant times residing in Los Angeles, California." **Exhibit 1**, Compl. ¶ 5.

10. Alcon therefore alleges that Plaintiff is a citizen of California. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("It is a

longstanding principle that the place where a person lives is taken to be his domicile until facts adduced establish the contrary.") (internal quotation marks omitted).

11. In general, a corporation is considered a citizen of the state where it is incorporated and the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

12. Alcon is, at the time of removal, and was, at the time this action was initiated, a Delaware corporation with its principal place of business in Texas. **Exhibit 1**, Compl. ¶ 6. Alcon is therefore considered a citizen of Delaware and Texas for purposes of diversity jurisdiction.

13. For purposes of section 1332(a) diversity in a putative class action, "only the citizenship of the named parties counts for purposes of determining 'complete diversity.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007) (quoting *Snyder v. Harris,* 394 U.S. 332, 340 (1969)).

14. Complete diversity of citizenship exists between Plaintiff, a citizen of California, and Alcon, a citizen of Delaware and Texas. *Id.* ¶¶ 5-6.

**B. The Amount in Controversy Exceeds $75,000.**

15. Plaintiff's claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[t]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "[E]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89. Moreover, where a complaint does not set forth a specific amount of damages, it may nevertheless be "facially apparent" that the amount in

controversy exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

17. In assessing whether the jurisdictional threshold is met, a district court applies its "judicial experience" and "common sense." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). A removing party need not demonstrate that the plaintiff will prevail or collect more than $75,000; rather, the inquiry is "what the plaintiff hopes to get out of the litigation." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006); *see also Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

18. Plaintiff seeks, among other things, "[a]ctual damages suffered by Plaintiff and Class and Sub-Class Members as applicable or full restitution of all funds acquired . . . from the sale of misbranded Class Products during the relevant class period," "[a]ny and all statutory enhanced damages," and "[a]n order for public injunctive relief on behalf of all California consumers." **Exhibit 1**, Compl. ¶ 72. Plaintiff has defined the proposed class as "[a]ll persons within the United States who purchased the Products within four years prior to the filing of the original Complaint through to the date of class certification." *Id.* ¶ 27.

19. Based on the nature of this action and Plaintiff's claims, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Because complete diversity exists between Plaintiff and Alcon and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has

original jurisdiction over this action, and removal is proper. 28 U.S.C. §§ 1332(a)(1), 1441(a).

## II. CLASS ACTION FAIRNESS ACT

21. This case is also subject to removal under the Class Action Fairness Act ("CAFA"). Under CAFA, "the Court has 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' there is minimal diversity." *Vasquez v. Blue Cross of Cal.*, No. CV-15-2055-MWF (AGRx), 2015 WL 2084592, at *1 (C.D. Cal. May 5, 2015) (citing 28 U.S.C. § 1332(d)(2)). "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court," *Dart Cherokee*, 574 U.S. at 89, and "intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Thus, there is a "strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant," and "no antiremoval presumption attends cases invoking CAFA[.]" *Dart Cherokee*, 574 U.S. at 89. The CAFA requirements are satisfied here.

### A. This Action Meets the "Class Action" Definition Under CAFA.

22. CAFA defines a "class action" as

> any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B). "This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

23. Plaintiff filed this action as a putative class action. *See* **Exhibit 1**, Compl. at 1 (titled "Class Action Complaint"); *id.* at 5-6 (identifying "Class Allegations" and

alleging that "Plaintiff brings this action on behalf of herself and all others similarly situated"). Accordingly, the Complaint qualifies as a "class action" under CAFA.

**B. The Proposed Class Exceeds 100 Members.**

24. The Complaint's allegations satisfy the requirement for removal under CAFA that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(5). Plaintiff alleges that she believes the putative class "include[s] thousands, if not millions of members." **Exhibit 1**, Compl. ¶ 30.

25. Plaintiff's allegation satisfies CAFA's numerosity requirement. *See, e.g.*, *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (CAFA's numerosity requirement was met where complaint sought to "'provide remedies for hundreds of affected consumers'"); *Tompkins v. Basic Rsch. LLC*, No. S–08–244 LKK/DAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (CAFA numerosity satisfied by allegation of "a class of 'thousands of persons'"); *Phillips v. Wellpoint, Inc.*, No. 10-cv-357-JPG, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (same where plaintiff alleged "the proposed class will exceed 20,000 policyholders and group members").

**C. The Minimal Diversity Requirement Is Satisfied.**

26. The Complaint's allegations also satisfy the requirement for minimal diversity. *See* 28 U.S.C. § 1332(d)(2). "Minimal diversity exists under CAFA as long as ***one member*** of the proposed class is a citizen of a different state than the defendant." *Vasquez*, 2015 WL 2084592, at *3 (citing 28 U.S.C. § 1332(d)(2)(A)) (emphasis in original).

27. Because Plaintiff is a California citizen and Alcon is a citizen of Delaware and Texas, *see supra* ¶¶ 9-12, minimal diversity exists.

**D. The Amount-In-Controversy Exceeds $5 Million.**

28. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee*, 574 U.S. at 89. Where a complaint does not set forth a specific amount of damages, it may nevertheless be "facially apparent" that the amount in controversy exceeds the jurisdictional minimum. *See Singer*, 116 F.3d at 377. "A defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (citing *Dart Cherokee*, 574 U.S. at 87). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

29. A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages and attorneys' fees awarded under fee-shifting statutes. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204-05 (internal quotation marks omitted).

30. Plaintiff has defined the proposed class as "[a]ll persons within the United States who purchased the Products within four years prior to the filing of the original Complaint through to the date of class certification." **Exhibit 1**, Compl. ¶ 27. Plaintiff alleges the number of class members will "include thousands, if not millions of members." *Id.* ¶ 30. Plaintiff seeks "[a]ctual damages suffered by Plaintiff and Class and Sub-Class Members as applicable or full restitution of all funds acquired … from the sale of misbranded Class Products during the relevant class period." *Id.* ¶

72. Plaintiff's restitution claim alone places an amount in controversy that far exceeds $5,000,000 based on the aggregate sale of the Products over the four-year period.[1]

31. Thus, without conceding liability, the validity of Plaintiff's claim for relief, or appropriateness of class treatment in any respect, Alcon submits that Plaintiff's allegations plausibly establish that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2). Specifically, Plaintiff seeks restitution and disgorgement of all revenues associated with the allegedly false advertising. **Exhibit 1**, Compl. ¶ 51.

## III. The Procedural Requirements of Removal Are Satisfied.

32. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3). Plaintiff filed the Complaint on April 1, 2026. *See* **Exhibit 1,** Complaint. Plaintiff served the Complaint on Alcon on April 9, 2026. *See* **Exhibit 2** at 26-27, Proof of Service of Summons. Alcon has filed this Notice of Removal within thirty (30) days of service. 28 U.S.C. § 1446(b)(3).

33. Alcon is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

34. Pursuant to 28 U.S.C. § 1446(d), Alcon is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles.

35. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in this state court action—as available from the state court docket or otherwise made available to Alcon at the time of filing this Notice—are attached hereto as **Exhibits 1-2**.

---

[1] *See* Alcon Inc., *2024 Annual Report* at 62 (2024), https://s1.q4cdn.com/963204942/files/doc_earnings/2024/q4/supplemental-info/2024-Annual-Report.pdf (ocular health net sales were $1.7 billion in 2024).

36. By filing this Notice of Removal, Alcon does not waive any defense that may be available and reserves all such defenses, including, but not limited to, those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Alcon requests the opportunity to present a brief oral argument in support of its position that this case has been properly removed.

37. Alcon further reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

38. Alcon hereby demands a separate jury trial on all claims and issues so triable.

WHEREFORE, Alcon gives notice that the matter *Som-Dotson v. Alcon Laboratories, Inc.*, Case No. 26STCV10487, pending in the Superior Court of California, County of Los Angeles, is removed to the United States District Court for the Central District of California, and requests that this Court retain jurisdiction for all further proceedings in these matters.

Dated: May 6, 2026

Respectfully submitted,
DECHERT LLP

By: */s/ William P. Donovan, Jr.*

William P. Donovan, Jr. (SBN 155881)
bill.donovan@dechert.com
Allison K. Ozurovich (SBN 312797)
allie.ozurovich@dechert.com
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5700
Facsimile: (213) 808-5760

Mara Cusker Gonzalez
(*pro hac vice* forthcoming)
maracusker.gonzalez@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Attorneys for Defendant Alcon Laboratories, Inc.*